IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JAMES P. ERLANDSON, Individually
and on behalf of all others similarly
situated,**

**Plaintiff,**

**v.**

**CONOCOPHILLIPS COMPANY
and BURLINGTON RESOURCES INC.,**

**Defendants.**                                                                  **No. 09-99-DRH**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Now before the Court is a Motion for Class Certification filed by Plaintiff James P. Erlandson (Docs. 33 & 34). Defendants have filed a Response in opposition (Doc. 43). Plaintiff has filed a Reply (Doc. 44). Plaintiff subsequently filed a Request for Oral Argument (Doc. 47) as he believes that the parties need to elaborate on their arguments. However, the Court notes that the parties have both filed lengthy briefs which adequately and exhaustively address the issues. Therefore, the Court finds no need for a hearing and thus **DENIES** Plaintiff's motion for oral

argument (Doc. 47). For the following reasons, the Court **DENIES** Plaintiff's Motion for Class Certification (Docs. 33 & 34).

## II. <u>Background</u>

Plaintiff, a former employee of Defendants, originally brought this action in the Circuit Court of Madison County, Illinois. Plaintiff brought this suit on behalf of a putative class of former employees of Defendants in order to redress Defendants' failure to pay retention bonuses allegedly promised to Plaintiff and the putative class members. Defendants removed this action to this Court on February 4, 2009 (Doc. 2). In its one count Complaint Plaintiff alleges that Defendants breached its contract with the putative class by refusing to pay retention bonuses to the putative class even though they allegedly fulfilled their obligations under the contract and resigned "for Good Reason" (Doc. 2 Ex. A). Specifically, Plaintiff alleges that when ConocoPhillips acquired Burlington Resources, Inc. it sent a Retention Bonus Agreement to key employees offering them retention bonuses if they remained employed with ConocoPhillips until April 1, 2007 (Doc. 34 Ex. 1). Employees could also obtain their bonuses if they resigned from their jobs "for Good Reason" (Id.). The Retention Agreement defined "Good Reason" as "any reduction in [an employee's] target bonus opportunity percentage" (Id.). Plaintiff argues that a subsequent Continuation of Employment Letter ("Continuation Letter") informed employees that their target bonus opportunity percentage was being reduced, thus triggering an employees right to resign "for Good Cause" and receive his 2007 bonus. Plaintiff maintains that he

and his fellow members of the putative class resigned their employment for "good reason" because their "target bonus opportunity percentage" was reduced after the merger.

### III. Motion for Class Certification

Plaintiff moves this Court for class certification pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 23(b)(2) and (3)**. The United States Supreme Court has explicitly held that a class "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied," and "actual, not presumed, conformance with Rule 23(a) remains…indispensable." ***Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003) (quoting *Gen Tele. Co. Of the S.W. v. Falcon*, 457 U.S. 147, 160-61 (1983))**. A party seeking class certification bears the burden of proving that each of the requirements under Rule 23 has been met, and a failure by the movant to satisfy any one of those prerequisite elements precludes certification. ***See General Tele. Co. of S.W.*, 457 U.S. at 160-61; *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993)**. As a general principle, a court is not allowed to engage in analysis of the merits to determine whether the case should be maintained as a class. ***Retired Police Ass'n*, 7 F.3d at 598**. However, a district court judge need not accept all allegations as true and must make a preliminary review into the merits of the case if some of the considerations under Rule 23 overlap with the merits. ***See Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001),** *cert. denied*,

**122 S.Ct. 348 (2001);** *see also* **Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-78 (1974).** Moreover, a court has broad discretion to determine whether a proposed class merits the Rule 23 certification requirements. **General Tele. Co. of S.W. v. Falcon, 457 U.S. at 160; Trotter v. Klincar, 748 F.2d 1177, 1184 (7th Cir. 1984).**

A.  Rule 23(a)

In order to certify a class, a court must determine whether the requirements of Rule 23(a) have been met: 1) the class is so numerous that joinder of all members is impracticable ("numerosity"); 2) there are questions of law or fact common to the class ("commonality"); 3) the claims or defenses of the representatives are typical of the claims or defenses of the class ("typicality"); and 4) the representative parties will fairly and adequately protect the interests of the class ("adequacy"). **FED.R.CIV.P. 23(a)**.

However, courts have implied two prerequisites to class certification that must be satisfied prior to addressing the requirements of Rule 23(a): (1) the class must be sufficiently defined so that the class is identifiable; and (2) the named representative must fall within the proposed class. **Alliance to End Repression v. Rochford, 565 F.2d 975, 977 (7th Cir. 1977)**. Proper identification of the proposed class serves two purposes. First, it alerts the Court and the parties to the potential burdens class certification may entail. **Simer v. Rios, 661 F.2d 655, 670 (7th Cir. 1981)**. "In this way, the court can decide whether the class devise simply

would be an inefficient way of trying the lawsuit for the parties as well as for its own congested docket." *Id*. Second, proper class identification insures that those individuals actually harmed by defendant's wrongful conduct will be the recipients of the awarded relief. *Id.*

Plaintiff seeks certification of the following class: "All former employees of Burlington Resources, Inc. who signed the Retention Bonus Agreement, received a Continuation Letter with a Target Annual VCIP[1] Award lower than the target bonus opportunity percentage in effect on March 31, 2006, resigned on or before March 31, 2007, and were not paid the Retention Bonus" (Doc. 34 p. 5). Plaintiff submits that the proposed class consists of at least 162 individuals, former employees of Burlington Resources, Inc. In Defendants' Response, they argue that the class definition is not suitable because it 1) fails to require class members to fulfill all conditions precedent to asserting a breach of contract claim and 2) is overbroad in the sense that it fails to excluded class members whose bonus opportunities were not reduced and fails to excluded class members who are currently litigating their claims in Texas. The Court agrees with Defendants and finds that the class definition is overly broad and unworkable.

The Court finds that Defendants are correct in arguing that Plaintiff's proposed class definition is overly broad. The proposed class includes individuals who could not have viable claims against Defendants. Plaintiff's class definition

---

[1] VCIP stands for Variable Cash Incentive Program and was the title of ConocoPhillips' incentive compensation program.

includes individuals who have not met all of the conditions precedent for receiving the bonus and thus would not have a viable claim for breach of contract. Under Texas law[2], in order to assert breach of contract, a plaintiff must allege: "(1) a valid contract; (2) performance or tendered performance; (3) breach of the contract; and (4) damages resulting from the breach." ***Myan Mgmt. Group L.L.C. v. Adam Sparks Family Revocable Trust*, 292 S.W.3d 750, 754-55 (Tex. App. 2009)**.

Here, Plaintiff's class definition fails to require that all class members comply with the conditions precedent to receiving the bonuses. Under the Retention Bonus Letters and Continuation of Employment Letters tendered to employees, eligibility for a retention bonus was based on the employees' continued employment through April 1, 2007. Employees could also be eligible if they resigned before the April 1 deadline if their resignation was "for Good Reason." However, Plaintiff's definition fails to require that members of the class demonstrate that they resigned for good reason, and thus potential class members could fall within the class as defined by Plaintiff without having a viable claim. The class definition does not exclude those individuals who could have no possible claim against Defendants. Accordingly, the Court finds that the class definition is overly broad because it includes those individuals who did not resign "for Good Reason and thus would not have a viable claim for breach of contract.

---

[2] For purposes of this motion the Court assumes that Texas law on breach of contract applies as Defendant alleges that there is a valid choice-of-law provision contained in the Retention Bonus Agreement (Doc. 34 Ex. 1). Plaintiff also acknowledges that the agreement contained a choice-of-law provision stating that Texas law would apply to the agreement.

Plaintiff's class definition is also overly broad because it fails to exclude certain individuals who do not belong in the class. Plaintiff's definition fails to exclude individuals who would not have a viable claim because their bonus opportunities were not reduced. According to Plaintiff, class members had good reason to resign because their bonus opportunities were reduced. However, as Defendants point out, not all of the employees', who would be potential class members, bonus opportunities were reduced. However, Plaintiff's definition fails to exclude those employees. Further, the definition fails to exclude those employees who have already filed suit against Defendants in Texas. As Defendants acknowledge, several potential class members have already filed suit, some of which have already reached summary judgment stage, yet the proposed class definition does not exclude those individuals. Including those individuals would be inappropriate. Thus, the Court finds that Plaintiff's definition is overly broad and must fail. Since Plaintiff's definition does not satisfy the basic prerequisites for a class action, the Court need not further consider the factors in **Rule 23(a)**.

B.   **Other Considerations**

Even if Plaintiff's proposed class had been well defined, the Court finds that Plaintiff fails to meet the requirements of **Rules 23(a) and (b)(3)**. Here, the Court does not find that common questions of law and fact exist among the class. Each member of the class might have obtained different information regarding the 2007 bonus plans and gave different reasons for resigning which would require an

individualized inquiry into whether their resignation was "for Good Reason."

Ultimately, the Court finds that Plaintiff's proposed class is unmanageable for many of the reasons argued in Defendants' responsive brief. After reviewing the briefs and the arguments, the Court is convinced that each claim will require a highly individualized inquiry into whether that employee has a viable claim for breach of contract. As Defendants point out, there is an absence of class wide proof as to whether potential class members resigned "for Good Reason." Employees who resigned gave varying reasons for their resignation including: pursuit of further education, raising children, retirement, as well as resigning to pursue other business interests or a higher salary. Many of the proposed class members gave varying motives for resigning which would require the Court to inquire into each employees' reasoning and determine whether their motives constitute a "Good Reason" thus triggering a valid breach of contract claim.

Further, each inquiry would require individualized evidence as to the sources of each employees' knowledge regarding the 2007 bonus structure. For instance, while the Continuation Letter discussed the 2007 bonus opportunties, it also informed employees that more information would be provided at a later date and was further discussed in mass emails in late 2006. Depending on when a potential class member resigned, (s)he might not have had access to the mass emails and their knowledge regarding the bonus opportunities would be different from those employees who resigned after the mass emails. The Court finds that various potential class members would also have access to different sources of information

including discussions with co-workers and supervisors, town hall meetings, and literature.  Potential class members were also from different areas throughout the United States, Canada, and the U.K. and would have access to different information based on their location.  Given the various sources of information, the Court would have to inquire into each employees' knowledge about their bonus opportunities and what each employee was told about their bonuses from varying sources in order to determine if their resignation was "for Good Reason."

While Plaintiff argues that the question as to whether all class members resignation was "for Good Reason" is based on the common class-wide question of whether the Continuation Letter constituted a reduction in "target bonus opportunity percentage" triggering a "Good Reason" to resign under the Retention Agreement, the Court finds that despite Plaintiff's argument every aspect of Plaintiff and the potential class members' individual claims would have to be litigated individually in order to determine if they have valid claims. The Court would have to inquire into class member's motive for resigning, their knowledge of the 2007 bonus opportunities, the information they received from Defendants regarding the bonus program, and when they resigned.  Thus, the Court finds that Plaintiff's potential class is unmanageable due to the highly individualized inquiry that will be required in order to determine whether each potential plaintiff had "Good Reason" for resigning thus triggering a breach of contract claim.  Accordingly, the Court finds that Plaintiff's motion for class certification should be denied on this ground as well.

### IV. Conclusion

Accordingly, the Court **DENIES** Plaintiff's Motion for Class Certification (Doc. 33).  The Court also **DENIES** Plaintiff's Request for Oral Argument (Doc. 47).

**IT IS SO ORDERED**.

Signed this 17th day of September, 2010.

/s/   David R Herndon

**Chief Judge
United States District Court**