IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES P. ERLANDSON, Individually
and on behalf of all others similarly
situated,

Plaintiff,

v.

CONOCOPHILLIPS COMPANY
and BURLINGTON RESOURCES INC.,

Defendants.                                                                No. 09-99-DRH

**ORDER**

**HERNDON, Chief Judge:**

## I.  Introduction

Before the Court is Plaintiff's Motion to Reconsider Class Certification Order (Doc. 59), to which Defendants have filed a Response (Doc. 62).  Plaintiff has most recently filed a Reply (Doc. 64).  Specifically, Plaintiff asks the Court to review and reverse its Order denying Plaintiff class certification for his claims against Defendant.  Plaintiff has also included a request for oral arguments, but the Court finds that a hearing is not necessary as the parties have fully briefed the issue.  Therefore, the Court **DENIES** Plaintiff's request for oral arguments.  For the reasons discussed herein, the Court **DENIES** Plaintiff's Motion to Reconsider (Doc. 59).

## II.  Legal Standard

As Plaintiff has failed to specify which rule of Civil Procedure Plaintiff's motion is brought under, the Court must determine whether his motion is brought

pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 60(b)** or **FEDERAL RULE OF CIVIL PROCEDURE 59(e)**. While this may seem inconsistent with the previous statement regarding full briefing, it is the Court's experience that when asked in oral argument about which rule counsel is pursuing, the question is met with awkward silence and/or "pregnant pauses" of interminable length. The Seventh Circuit has clarified that although motions filed after 28 days of the rendition of the judgment are still analyzed under **Rule 60(b)**, motions filed within 28 days[1] of the rendition of judgment can be analyzed under either **Rule 60(b)** or **Rule 59(e)**, depending upon the substance of the motion. ***See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) ("[W]hether a motion filed within [28] days of the rendition of the judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion…district courts should evaluate [the motion] based on the reasons expressed by the movant.").** Plaintiff filed the instant motion less than 28 days after the Order denying class certification was entered and therefore, either rule could technically be applicable. The Court must look to the substance of the motion to determine whether the motion should be construed under **Rule 59(e)** or **Rule 60(b)**. ***Obreicht*, 517 F.3d at 493**. Here, Plaintiff's motion is best classified as a Rule 59(e) motion as Plaintiff argues that there was a manifest error of law or fact and Plaintiff requests that the Court correct its alleged oversight to spare the

---

[1] The original clarification pertained to the former 10-day filing period under Rule 59(e). However, effective December 1, 2009, the time period for filing a motion pursuant to Rule 59(e) changed to 28 days. **FED.R.CIV.P. 59(e).**

necessity of an appeal, a function typically served by Rule 59(e).  **See Russell v. Delco Remy Div. Of General Motors Corp.**, **51 F.3d 746, 749 (7th Cir. 1995).**

A.   FEDERAL RULE OF CIVIL PROCEDURE 59(e)

**Rule 59(e)** motions serve a narrow purpose and must clearly establish either: (1) a manifest error of law or fact or (2) present newly discovered evidence. **Moro v. Shell Oil Co.**, **91 F.3d 872, 876 (7th Cir. 1996); Federal Deposit Ins. Corp. v. Meyer**, **781 F.2d 1260, 1268 (7th Cir. 1986); Publishers Resource, Inc. v. Walker-Davis Publications, Inc.**, **762 F.2d 557, 561 (7th Cir. 1985)**. "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." **Russell**, **51 F.3d at 749 (citation omitted)**.  The function of a motion to alter or amend a judgment is not to serve as a vehicle to re-litigate old matters or present the case under a new legal theory**.  Moro, 91 F.3d at 876 (citation omitted); King v. Cooke**, **26 F.3d 720, 726 (7th Cir. 1994),** *cert. denied***, 514 U.S. 1023, 115 S.Ct. 1373, 131 L.Ed.2d 228 (1995)**.  Moreover, the purpose of such a motion "is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment."  **Yorke v. Citibank, N.A. (In re BNT Terminals, Inc.)**, **125 B.R. 963, 977 (N.D. Ill. 1990) (citation omitted)**.  **Rule 59(e)** is not a procedural folly to be filed by a losing

party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants. ***BNT Terminals*, 125 B.R. at 977.**

**B.      Analysis**

Here, Plaintiff argues that the Court incorrectly denied his motion for class certification by basing its decision on what Plaintiff alleges are two mistaken premises. Plaintiff first argues that the Court based its decision on an oversight or misunderstanding when it determined that the proposed class was overly broad because it failed to exclude those individuals who could not possibly have a viable claim. Plaintiff also argues that the Court was mistaken when it found that the outcome of each potential class member's case would rest on the findings of an individual inquiry into each class member's motivation for terminating his employment. Plaintiff further disagrees with the Court's note regarding pending litigation by potential class members in Texas, which he argues should have had no bearing on the Court's analysis.

However, as Defendants note in their response, Plaintiff has raised all of these arguments in his original motion for class certification. The facts and arguments that Plaintiff presents, which he argues the Court overlooked or misunderstood, were all previously raised in his lengthy briefs for class certification and considered by the Court in making its decision. Plaintiff presents no new

arguments for the Court's review, but rather argues that the Court misunderstand his evidence and presents the evidence again for his review. In doing so, Plaintiff appears to be seeking "another bite of the apple" in an attempt to regurgitate his arguments in support of class certification in the hopes of obtaining a different outcome from the Court. ***BNT Terminals, Inc.*, 125 B.R. at 977.** In other words, Plaintiff is trying to re-litigate matters already reviewed by the Court. Such attempts are inappropriate for a motion to reconsider.

A motion to reconsider under **Rule 59(e)** is a narrow function, only appropriate to correct mistakes in law or fact, or to present newly discovered evidence. While Plaintiff readily admits that he has no newly discovered evidence or manifest errors of law, he argues that there were two manifest errors of fact which the Court relied on in making its determination. Even assuming that Plaintiff's arguments are not simply an attempt to re-litigate his motion for class certification, Plaintiff's motion would still fail as the Court did not misunderstand the facts of the case. The Court carefully considered the arguments raised by the parties in their lengthy briefs.

While Plaintiff argues that his class definition was not overly broad, as the Court stated in its Order under the proposed class definition those employees who did not have a viable claim could fall under the class even if they did not resign for good reason. While Plaintiff maintains that if a person's target bonus opportunity percentage was reduced an employee resigned for good reason, Plaintiff's definition fails to take into account the fact that a employee could have had reasons for

resigning outside of the reduction in "target bonus opportunity percentage." As Defendant pointed out in its Response to the class certification motion, many employees did express other reasons for resigning and including those employees in the case would allow potential members to recover without meeting all the conditions precedent set forth by Retention Bonus Agreement, namely resigning "for good reason" (Doc. 43).

Plaintiff also argues that the Court did not recognize that the class definition requires that the "target bonus opportunity percentages" be reduced in order to qualify as a class member. However, the Court did recognize Plaintiff's argument but found that Defendant's argument regarding percentages more persuasive. Plaintiff maintains that such a decision deals with the merits of the case which Plaintiff alleges is improper at the class certification stage. While a decision on the merits is inappropriate, the Court is not completely barred from reviewing the merits and the facts of the case at the class certification stage. ***See Amer. Honda Motor Co. v. Allen*, 600 F.3d 813, 815 (7th Cir. 2010)(per curiam); *Schleicher v. Wendt*, 618 F.3d 679 (7th Cir. 2010) (district court may "peek at the merits" in order to determine the class certification issue)**. Here, the Court did not resolve the merits of the case, but was forced to consider the facts and the merits in order to determine whether the class definition was proper and class-wide proof possible.

As to Plaintiff's argument that the Court was misguided in finding that

individual inquiries of the members would need to take place in order to determine if they were entitled to a Retention Bonus, the Court examined Plaintiff's arguments in favor of class-wide proof and found a single class-wide inquiry impossible. As the Court identified in its Order, there are several differences among potential class members that would require an individual analysis. As has been noted several times by this Court, numerous employees gave reasons for resigning other than a lower target percentage bonus opportunity percentage. Such evidentiary issues would require the Court to examine each employee's reason for resigning and their knowledge and information they received about Defendant's bonus structure. These individualized inquiries prohibit class-wide proof.

This Court also finds, contrary to Plaintiff's argument, that the litigation pending in Texas does factor into class certification. As Defendants point out, not only does the pending litigation and the fact that those employees would also be included within the class affect the feasibility of the class definition, but it also goes to the superiority of the class. ***See* FED.R.CIV.P. 23(b)(3)(B) (in determining whether a class action is superior to other methods a court should look at "the extent and nature of any litigation concerning the controversy already begun by or against class members").** Several cases are currently pending in Texas and many have progressed substantially, with extensive discovery and the filing of dispositive motions. Therefore, the Court finds that class certification is not proper in this case, and thus denied Plaintiff's motion for reconsideration (Doc. 59).

III. **Conclusion**

Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration (Doc. 59).

**IT IS SO ORDERED.**

Signed this 21st day of October, 2010.

David R. Herndon
2010.10.21 16:09:19
-05'00'

**Chief Judge
United States District Court**