**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**JAMES P. ERLANDSON, Individually
and on behalf of all others similarly
situated,**

**Plaintiff,**

**v.**

**CONOCOPHILLIPS COMPANY
and BURLINGTON
RESOURCES INC.,**

**Defendants.**                                                            **No. 09-99-DRH**


**ORDER**

**HERNDON, Chief Judge:**

       Before the Court is a Joint Motion to Stay Proceedings Pending Ruling by the Seventh Circuit Court of Appeals and to Amend the Scheduling Order (Doc. 66) filed by both Defendants and Plaintiff.  Specifically, the parties seek to stay proceedings in this matter while Plaintiff's Petition for Permission to Appeal Under Rule 23(f) remains pending in the Seventh Circuit Court of Appeals.  Currently, Plaintiff has filed a motion seeking permission to appeal this Court's Order denying class certification.  The parties seek to stay proceedings as they believe it is essential that the issue of class certification be resolved prior to the completion of merits discovery, dispositive motion filings, and trial.  Based on the reasons set forth in the motion, the Court **GRANTS** the parties' Joint Motion to Stay (Doc. 66).  The Court finds that it would be imprudent at this stage of the litigation to proceed further in

this matter until the resolution of Plaintiff's appeal petition.[1]  Accordingly, the Court **STAYS** this matter pending resolution of the petition for permission to appeal currently pending before the Seventh Circuit.  The Court will also thereafter enter an amended Scheduling Order setting forth new deadlines for the completion of discovery and dispositive motions, as well as a new presumptive trial month.  Thus, the Court also **FINDS** Defendants Motion for Extension of Time for Dispositive Motions Deadline **MOOT** (Doc. 57).

**IT IS SO ORDERED.**

Signed this 10th day of November, 2010.

David R. Herndon
2010.11.10 11:08:57
-06'00'

**Chief Judge**
**United States District Court**

---

[1]  The power to grant a stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Walker v. Merck & Co.*, No. 05-CV-360-DRH, 2005 WL 1565839, at *2 (S.D.Ill. June 22, 2005) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)).  The decision to grant a stay is committed to a court's discretion, *see Brooks v. Merck & Co.*, 443 F.Supp.2d 994, 997 (S.D. Ill. 2006); *Rutherford v. Merck & Co.*, 428 F.Supp.2d 842, 845 (S.D.Ill. 2006), though that discretion must be exercised consistently with principles of fairness and judicial economy.  *See Walker*, 2005 WL 1565839, at *2.